1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KIRELL FRANCIS BETTIS,

11          Plaintiff,                        No. CIV S-06-0943 DFL PAN (GGH) PS

12      vs.

13
     JOHN WALSH and AMERICA'S
14   MOST WANTED,                                      ORDER

15   _____/

16          Plaintiff, a state prisoner proceeding in pro se, has filed a defamation action

17   premised on this court's diversity jurisdiction wherein he seeks damages of $20,000,000, and

18   requests leave to proceed in forma pauperis.

19          Plaintiff asserts he is a citizen[1] of California, currently residing at Kern Valley

20   State Prison in Delano, California, and that defendants are citizens of Washington, D.C.  These

21   facts, if accurate, satisfy the requirements for obtaining this court's diversity jurisdiction.  See 28

22   U.S.C. § 1332(a)(1) (diversity jurisdiction applies to actions between citizens of different states

23

24          [1] Citizenship and domicile are synonymous for diversity purposes.  Williamson v.
     Osenton, 232 U.S. 619, 624 (1914).  Domicile rests upon establishing a residence with the intent
     of maintaining it permanently or indefinitely.  Id., Mitchell v. U.S., 88 U.S. 350, 353 (1874).  An
25   allegation of residency alone does not establish domicile.  Matin v. Broadcast Music, Inc., 244
     F.2d 204, 206 (9th Cir. 1957).  The essential fact transforming a residence to a domicile is the
26   absence of any intention to live elsewhere.  Williamson, 232 U.S. at 624.

1

1   and where the matter in controversy exceeds $75,000).

2          The complaint, as drafted, demonstrates that venue is proper within the Eastern

3   District of California.  While the alleged defamatory statements were made on national

4   television, plaintiff was allegedly injured while residing in Delano, California, located within this

5   judicial district.  See 28 U.S.C. § 1391(a)(2).[2]  However, Delano is in Kern County, which is

6   within the Fresno Division of the U. S. District Court for the Eastern District of California, and

7   the division in which this case should have been filed.  See E. D. Cal. L. R. 3-120(d).  A civil

8   action commenced in an improper court may, on the court's own motion, be transferred to the

9   appropriate venue.  E. D. Cal. L. R. 3-120(f).

10          Accordingly, this court hereby orders the following:

11          1.  This action is transferred to the Fresno Division of U. S. District Court for the

12   Eastern District of California; and

13          2.  All future filings shall reference the newly assigned Fresno case number and

14   shall be filed at:

15                United States District Court
                  Eastern District of California
16                2500 Tulare Street
                  Fresno, CA 93721

17

18          So ordered.

19   DATED:  6/19/06

20                                          /s/ Gregory G. Hollows
                                            GREGORY G. HOLLOWS
21                                          U. S. MAGISTRATE JUDGE

22   NOW6:BETTIS.venue.Fresno

23   _____

24      [2]  A civil action founded on diversity of citizenship may be brought "only in (1) a judicial
     district where any defendant resides, if all defendants reside in the same State, (2) a judicial
     district in which a substantial part of the events or omissions giving rise to the claim occurred, or
25   a substantial part of property that is the subject of the action is situated, or (3) a judicial district in
     which any defendant is subject to personal jurisdiction at the time the action is commenced, if
26   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).